**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Villas at the Ridge Condominium Council of Co-Owners, Inc., <br><br>        Plaintiff, <br><br>vs. <br><br>ID Investors, LTD, et al., <br><br>        Defendants. <br><br>_____ <br><br>ID Investors, LTD, <br><br>        Counter-claimant, <br><br>vs. <br><br>Villas at the Ridge Condominium Council of Co-Owners, Inc.; Robert and Deborah Balzano; Homeowners Management Co., et al., <br><br>        Counter-defendants. <br><br>_____ | No. CV-08-8001-PCT-FJM <br><br>**ORDER** |

      The court has before it plaintiff and counter-defendants' ("plaintiff") motion for fees and costs (doc. 22), ID Investors, LTD's ("defendant") response (doc. 23), and plaintiff's reply (doc. 24).

**I**

In our order of April 24, 2008 (doc. 21), we granted plaintiff's motion to remand this action to the Superior Court of Arizona in Yavapai County for lack of subject matter jurisdiction. We also granted plaintiff's request for fees and costs pursuant to 28 U.S.C. § 1447(c), which provides that an "order remanding the action to state court may require payment of just costs and any actual expenses including attorney fees incurred as a result of removal." Though we encouraged the parties to agree on a reasonable figure between themselves, we specifically noted that if our involvement became necessary, the briefing should be in accordance with LRCiv 54.2(d)–(f).

Under LRCiv 54.2(d), a party seeking fees is required to submit supporting documentation including a statement of consultation, copies of fee agreements, and an itemized statement of fees and expenses that complies with LRCiv 54.2(e). Under LRCiv 54.2(f), the opposing party is required to respond to that supporting documentation by separately identifying "each and every disputed time entry or expense item." There appears to have been some confusion among counsel, and the documents before us do not conform to the Local Rules.

On May 8, 2008, plaintiff submitted a motion for attorney fees and costs (doc. 22), including an affidavit that is not in compliance with LRCiv 54.2(d)(4), as it says nothing about the reasonableness of the hourly rates or of the hours expended. Shortly thereafter, defendants filed a response (doc. 23) contending that plaintiff's motion was insufficient in detail and not in compliance with "Arizona substantive common law regarding attorney fee applications." Response at 1–2. Of course plaintiff's motion, by itself, lacks the detail required by the Local Rules, but Arizona common law is irrelevant: There is no diversity jurisdiction in this action, and we have awarded fees pursuant to a federal statute. On May 20, 2008, plaintiff filed a "reply" (doc. 24) that includes at least some of the supporting documentation required by LRCiv 54.2(d), namely, copies of the fee agreements and itemized statements of fees and expenses.

1      Despite our encouragement, it appears that the parties' only attempt at resolving this
2 issue without our involvement was a letter sent from plaintiff's counsel to defendant's,
3 demanding payment of a sum certain within a matter of days, to which there was no response.
4 Motion, Ex. 1. Plaintiff did not comply with LRCiv 54.2(d)(1), which requires a party
5 seeking fees to submit to the court a "statement of consultation," certifying that there has
6 at least been an attempt to personally consult opposing counsel about a reasonable figure.
7 Thus, we unfortunately see no evidence of any true effort to minimize further expenditure
8 of attorney fees or judicial resources on this issue.

9      Probably the most important consequence of the irregular briefing is that defendant
10 has not responded to plaintiff's itemized statements of fees and expenses. However, we do
11 not wish to prolong these proceedings by insisting on strict compliance with the Local Rules.
12 See LRCiv 83.6 (allowing the court to suspend any of the Local Rules for good cause). We
13 have already granted an award of fees and believe that even defendant is best served by our
14 determining the amount now, without the parties investing even more time and money.
15 Plaintiff seeks $10,395.24 in fees and costs. We have carefully examined the itemized
16 statements and award significantly less.

## II

18      Plaintiff's counsel represents two sets of clients under two agreements: plaintiff and
19 counter-defendant Villas at the Ridge Condominium Council of Co-Owners, Inc. ("Villas"),
20 under a contingency fee agreement, Reply, Ex. 1, and counter-defendants Bob and Deborah
21 Balzano, under an hourly fee agreement, Reply, Ex. 2. Counsel has submitted a separate
22 itemized statement of fees and costs for each client.

23      The itemized statements include the *total* attorney fees and *total* costs and expenses
24 incurred since this action was removed on January 4, 2008. Yet, as plaintiff concedes, our
25 award should not include expenditures "that would have been incurred irrespective of the
26 venue." Motion at 3; see 28 U.S.C. § 1447(c) (stating that the court may award costs and
27 fees "incurred as a result of removal"). Plaintiff seeks an amount that is less than the
28 combined totals of the itemized statements, but does not explain which costs and fees have

1 been excluded. Therefore, we must determine which itemized fees and expenses were
2 incurred as a result of removal, and we have only the statement descriptions to guide us.

3 Both sets of clients were affected by removal, but counsel is obviously not entitled to double recovery for work on the single motion to remand. A comparison of the itemized statement for Villas, Reply, Ex. 3, and the statement for Bob and Deborah Balzano, Reply, Ex. 4, reveals that many entries are exactly the same, for example, "1/09/2008  [lawyer] RHW  BEGIN DRAFTING MOTION TO REMAND—PROCEDURAL HISTORY  1.20 hrs." The only difference is that the itemized statement for Villas uses a lower hourly rate for the work of attorney RHW ($175 versus $190 per hour). Thus, for the above entry, Villas was "billed" $210,[1] while Bob and Deborah Balzano were billed $228.[2]

11 We see no reason why plaintiff should be entitled to the greater hourly rate for the same work and find no entries for work incurred as a result of removal that are not duplicates. Therefore, we disregard the itemized statement for clients Bob and Deborah Balzano in its entirety and base the award solely on the statement for Villas. See Gotro v. R & B Realty Group, 69 F.3d 1485, 1488 (9th Cir. 1995) (holding that the district court has discretion to award fees under 28 U.S.C. § 1447(c) to a contingency fee litigant).

17 We award attorney fees for work that clearly relates to the remand motion, for example, "01/17/2008 CONDUCT ADDITIONAL RESEARCH REGARDING REMOVAL AND REMAND; FINISH DRAFTING MOTION FOR REMAND"; and for other litigation tasks that had to be tailored specifically for this court, for example, "02/07/2008  DRAFT COMPREHENSIVE PROPOSED JOINT CASE MANAGEMENT PLAN." Meanwhile, we reject fees for work that clearly relates to the merits of the case irrespective of venue, for

---

[1] Of course, the statement for Villas does not itemize true monetary obligations incurred by the client, because the fee agreement is contingent.

[2] To be clear, however, $190 per hour is the hourly fee for associate work set out in the fee agreement between counsel and the Balzanos. Reply, Ex. 2.

- 4 -

1   example, "01/10/2008 REVIEW LETTER RECENT REPAIR DOCUMENTS FROM
2   MS. BALZANO—DECK REPAIRS TO UNIT 213."

3         We also reject fees where the description gives no clue whether the work was incurred
4   as a result of removal, for example, "1/30/2008 REVIEW FACSIMILE FROM MS.
5   BALZANO ATTACHING MEMO FROM LYNN MYERS; AND REVIEW MEMO."
6   Similarly, we reject the many entries that are completely redacted of substance. See LRCiv
7   54.2(e) (stating that if counsel does not "furnish an adequate nonprivileged description of the
8   services in question," the court may reduce the award accordingly).

9         On the itemized statement, the hourly rates are the only way to distinguish between
10  work performed by attorneys and work performed by paralegals or legal assistants.
11  According to plaintiff's motion, work by attorneys is billed at rates from $175 to $250 per
12  hour, and work by paralegals or legal assistants at rates from $90 to $125 per hour. Motion,
13  Ex. 1 at 2. We find the attorney rates reasonable and note that the vast majority of attorney
14  entries are billed at $175 per hour. On the other hand, most of the paralegal or legal assistant
15  entries are billed at the high end—$125 per hour—and we find that rate excessive given the
16  nature of the work, principally e-filing, mailing, and making telephone calls. We award fees
17  for paralegal or legal assistant work incurred as a result of removal, for example,
18  "03/28/2008 PREPARE MAILING OF FEDERAL 26.1 INITIAL DISCLOSURE
19  STATEMENT," but at the rate of $62.50 per hour (one half the claimed rate).

20        Exercising our discretion pursuant 28 U.S.C. § 1447(c) based on all of the above
21  conclusions, we award $6,386.25 for fees. Plaintiff's descriptions of costs are so generic, for
22  example, "05/08/2008 PHOTOCOPIES," that we have no way of knowing which would
23  have been incurred irrespective of venue; therefore, we award nothing for costs.

**III**

Accordingly, **IT IS HEREBY ORDERED GRANTING** plaintiff and counter-defendants' motion for fees and costs (doc. 22) in the amount of $6,386.25.

DATED this 19th day of June, 2008.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge